UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARTURO RUIZ GOMEZ,

       *Petitioner*,

v.                                                    Case No. 3:26-cv-540-JEP-PDB

GARRETT RIPA, et al.,

       *Respondents*.

_____/

## **ORDER**

Petitioner, an immigration detainee, filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241 on March 13, 2026. (Doc. 1). He challenges his detention and seeks immediate release or alternatively, a bond hearing. (*See generally id.*). Petitioner notes that he has a pending habeas petition in the Southern District of Texas, but suggests that because of his transfer to this District, the Texas case "will now be dismissed." (Doc. 1 at 3; *see* Doc. 2 at 2 ("In light of Petitioner's subsequent transfer outside that district, the matter is now expected to be dismissed.")).

A comparison of the Texas docket with this Court's docket reflects that but for the local field officer directors and wardens, Petitioner names the same respondents in both cases. Further, in the Texas case, on March 5, 2026, the court entered an order recognizing that the petitioner "claims his continued

detention violates substantive and procedural due process under the Fifth Amendment of the U.S. Constitution among other claims," and directing the respondents to file a response by March 25, 2026. *Gomez v. Agudelo*, No. 1:26-cv-155 (S.D. Tex.) (last visited Mar. 18, 2026). Since that order was entered, there are no other public docket entries.

Petitioner cannot simultaneously challenge his immigration detention in two districts. Notably, his transfer does not render the Texas court without jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g.*, *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change."); *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). If the Texas case is dismissed, Petitioner may refile his claims here, if appropriate.

Accordingly, it is

**ORDERED**:

1.  This case is **dismissed without prejudice**.

2.  The Clerk is **DIRECTED** to terminate any motions, enter judgment

    dismissing the case without prejudice, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 18, 2026.


_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE



c:
Counsel of Record

3